UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
TENNESSEE at GREENEVILLE

| | | |
|---|---|---|
| JARROD MARTIN, | ) | |
| | ) | |
|    *Petitioner*, | ) | |
| v. | ) | No. 2:14-cv-159 |
| | ) | *Greer/Inman* |
| BARRY P. STAUBUS and | ) | |
| WAIN ANDERSON, | ) | |
| | ) | |
|    *Respondents*. | ) | |

## MEMORANDUM OPINION

Jarrod Martin, a pretrial detainee in the Sullivan County Detention Center (SCDC) brings this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241, contending that he was illegally extradited to Tennessee in violation of his constitutional rights.

Plaintiff asserts that, on January 29, 2013, he was arrested in Wise County, Virginia, pursuant to a capias from the Sullivan County Criminal Court and that, on May 7, 2013, he appeared in the Wise County court, where he refused to waive extradition or to sign a form waiving extradition. On June 7, 2013, petitioner received a governor's warrant and was informed by the Virginia state court judge that the only thing which superseded a governor's warrant is a habeas corpus hearing. On July 9, 2013, Tennessee state officials took custody of petitioner and transported him to the SCDC, despite his insistence that he should first have been afforded a habeas hearing. Later, petitioner received a copy of the history of his case summary from the district attorney's office, which contained a statement that he had signed a waiver of extradition and that the signed form was contained in his court file. Petitioner maintains that he neither waived extradition nor signed a form waiving extradition.

1

Petitioner thus argues that, absent being afforded a habeas corpus proceeding prior to his extradition, his detention in the SCDC is unlawful. Petitioner asks the Court to find that he has exhausted his state remedies and to order his pending state criminal case dismissed without prejudice because he cannot obtain a fair and impartial trial in Sullivan County, Tennessee. However, for the reasons expressed below, this petition will not be served upon respondents and it will be dismissed *sua sponte*.

As a precondition to the granting of habeas corpus relief, a petitioner must demonstrate, as a matter of comity, that he has exhausted all available avenues of state relief by fairly presenting all claims to the state courts or that resort to state remedies would be useless. 28 U.S.C. § 2254(b) and (c); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973). A petitioner has not "exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right, under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *Rose v. Lundy*, 455 U.S. 509 (1982) (finding that federal claims must be completely exhausted by being fully and fairly offered to the state courts before seeking federal habeas corpus relief). It is a petitioner's burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).[1]

In this case, petitioner maintains that, prior to his extradition from Virginia, he pursued an application for a writ of habeas corpus, but provides no other details regarding that application. However, the Court was able to view the referenced case and read the court record by accessing the U.S. Party/Case Index, a national electronic database which tracks

---

[1] Although most of the above cited statutes and cases refer to § 2254 petitions, those procedural requirements (including the exhaustion requirement) likewise apply to petitions filed under § 2241. *See generally Rittenberry v. Morgan*, 468 F.3d 331, 333-38 (6th Cir. 2006).

2

prisoner lawsuits in federal courts.

In *Martin v.Unknown*, Civil Action No. 7:14CV00045, (W.D.Va. Feb. 5, 2014) (Available at http://pacer.uspci.uscourts.gov/) (last visited July 8, 2014; restricted to authorized users), petitioner presented essentially the same allegations regarding his extradition and also indicated that he had directed his attorney to proceed with a "writ of habeas corpus hearing." In the memorandum opinion dismissing the post-extradition habeas corpus action,[2] the district court stated that it found no indication in its search of online court records to suggest that petitioner had filed a habeas corpus petition in either the Wise County Circuit Court or the Wise County General District Court and no indication that either he or his counsel had filed a § 2241 habeas corpus petition in federal court prior to his extradition, though he could have so done. Ultimately, the case was dismissed without prejudice for lack of jurisdiction.

Here, petitioner maintains that he "has exhausted the remedies available in the trial/circuit court in Sullivan County[,] Tennessee," (Doc. 1, Pet. at 3), but he does not supply any specifics as to the nature of the state remedies he pursued in the trial court, let alone indicate whether he pursued appeals from any adverse rulings issued in the lower state court. Absent this kind of pertinent information, petitioner has not borne his burden of establishing that he has exhausted all available state court remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999) (holding that a claim must be raised before all levels of state court review in order to exhaust it); *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981) ("A body of case law has developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from

---

[2] A copy of the memorandum opinion has been placed in the Court file.

3

the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.").

Finally, after reviewing the claims under the appropriate standards in *Slack v. McDaniel*, 529 U.S. 473 (2000), the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of the procedural ruling with regard to exhaustion, nor would they find debatable or wrong the Court's conclusion that exhaustion has not been shown. *See id; Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

A separate order of judgment will enter.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
